Filed 9/9/16  P. v. Price CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065438 |
| v. | (Super.Ct.No. BAF1500222) |
| RANDY ANTONE PRICE, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  W. Charles Morgan, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Randy Antoine Price, pled guilty to possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  A jury thereafter convicted

1

defendant of assault with a deadly weapon (count 1; Pen. Code, § 245, subd. (a)(1)) and found true an allegation he had personally inflicted great bodily injury upon the victim (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8)).  Defendant later admitted allegations he had suffered three prior prison terms (Pen. Code, § 667.5, subd. (b)), one prior serious felony (Pen. Code, § 667, subd. (a)), and a prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  The court sentenced defendant to an aggregate term of 13 years' imprisonment.

After defendant's attorney filed a notice of appeal, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue:  whether the court should have instructed the jury on the elements of self-defense in accordance with CALCRIM No. 3470.  We affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant and the victim were friends who lived together.  On April 9, 2015, they engaged in an argument.  The next evening, defendant was driving on a road where he passed the victim and the victim's female friend, who were walking alongside. Defendant pulled the vehicle over and backed up.  Defendant opened the trunk of the vehicle and removed a crowbar.

2

The victim told defendant he did not want to fight. Defendant hit the victim on the side of the head with the crowbar. The victim fell to the ground. Defendant left in the vehicle. The victim and the female returned home where someone called the police.

The responding officer found the victim lying on the floor inside his home. The victim had sustained an injury to the top of his head, which was bleeding. He appeared to be going in and out of consciousness. The victim was transported to the hospital where he received five staples to his head. Since the incident, the victim has had continual migraine headaches and blurred vision in his left eye.

The victim's female friend gave the officer a description of defendant and the vehicle. When officers located the vehicle, an officer took the female to its location, where she identified it as the vehicle driven by defendant. Inside the trunk of the car officers found a tire iron. Officers found defendant's hat with blood on it and blood on the ground in the vicinity where the assault took place.

Officers went to a residence where defendant might be located. As they approached the home, defendant fled outside, jumping over a fence. After officers detained defendant, defendant waived his *Miranda*[1] rights and spoke about the incident. Defendant admitted pulling over after seeing the victim alongside the road. He admitted opening his trunk. Defendant admitted punching the victim, but denied hitting him with the tire iron.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

4